# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ALBERT CLINTON RICHARDS,<br>  Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>  Respondent. | §<br>§<br>§<br>§  Civil Action No. 4:07-CV-118-A<br>§<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Albert Clinton Richards, TDCJ-ID #1200002, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2003 Richards was charged by indictment with murdering Cullen Baker by hitting Baker

on the head with a rock, a brick, an unknown object, or a piece of concrete asphalt in cause number 0879190 in the 213th Judicial District Court of Tarrant County, Texas. (Clerk's R. at 2-3) On October 28, 2003, Richards's jury trial commenced. The state's evidence showed that on February 13, 2003, Richards, who was homeless at the time of the murder went to an area of Fort Worth, known as "the slab," where a large tent was erected to feed and hold church services for the homeless. There, he met other homeless individuals he knew and met Baker, who was also homeless. In the early morning hours of February 14, Richards attacked and Baker striking him on the head and face with an object. Baker went to the nearby house of Joy Thomas for help, and the authorities were notified. (3Reporter's R. at 31-44) Baker received medical attention but refused to go to the hospital, and he gave an account of the attack to the police and several names of individuals who were involved and/or witnesses to the attack. (3Reporter's R. at 20-44; 4Reporter's R. at 12-14) Several days later, Baker was found dead in his tent. (3Reporter's R. at 74, 98-108) Based on their investigation, the police questioned Richards, Ronald Watkins, Leo Qualls, Arthur Brown, and Michael Fornier and prepared an arrest warrant for Richards. (4Reporter's R. at 12-14, 22-25)

According to the state's witnesses, the events unfolded as follows. On February 13, 2003, Baker, Qualls and Brown panhandled for money to buy crack cocaine, beer and wine and shared them with Richards, whom Baker had just met, in Baker's tent next to the larger tent. (4Reporter's R. at 82-97, 104) While they were smoking the crack cocaine, Baker accused Richards of taking more than his share, and the two engaged in a verbal confrontation. The two also had a physical altercation as a result of several racial comments by Baker, who was Caucasian, during which Richards picked up a boot and hit Baker on the body. (4Reporter's R. at 84-86, 114, 142-47)

2

Eventually, Qualls and Brown left with Richards, who was later dropped off and who returned to the slab. Qualls and Brown returned to the area some time later, and Baker told them that he had hit Richards on the leg and the back of the head and choked him. (4Reporter's R. at 144) Richards, who appeared to be asleep nearby, stood up with a "football sized" piece of asphalt, walked straight to Baker and hit Baker several times in the face and head. (4Reporter's R. at 90-91, 160-61) Baker died as a result of blunt force trauma to his head, which occurred approximately 36 hours before the time of his death or the time of the autopsy. (4Reporter's R. at 59, 76)

Richards, an admitted "crack fiend," testified in his own defense against his counsel's advice. According to his version of events, he hit Baker in self-defense because Baker had hit him on the head, leg, and ribs and choked him with a stick until he was unconscious. (4Reporter's R. at 185-89) When he came to, Baker came at him again, and he picked up a rock or brick and hit Baker several times. He feared for his life during the altercation and he could not flee from Baker because he suffers from a heart condition. (4Reporter's R. at 189-223) He admitted to lying to police in his initial statements that he did not hit Baker but denied killing Baker on purpose. (4Reporter's R. at 223)

Rejecting Richards's version of events, the jury found him guilty of murder, and the trial court entered a deadly weapon finding and assessed his punishment at 25 years' imprisonment. (Clerk's R. at 77) Richards appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Richards's petition for discretionary review. *See Richards v. Texas*, No. 2-03-453-CR, slip copy (Tex. App.–Fort Worth May 5, 2005) (not designated for publication); *Richards v. Texas*, PDR No. 992-05. Richards subsequently filed a state application for writ of habeas corpus, raising one or

3

more of the issues presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Richards*, Application No. 64,927-03, at cover. He filed this petition on February 16, 2007. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

D. ISSUES

The court construes Richards's claims to raise the following issues:

(1) There was no evidence proving the corpus delicti of the offense or that the weapon used was a deadly weapon (grounds one and five);

(2) His conviction was obtained by the state's use of extraneous offenses (ground two);

(3) He was entitled to a charge on the lesser included offense of aggravated assault (ground three); and

(4) The prosecution withheld favorable evidence from the defense (ground four); and

(5) He received ineffective assistance of trial counsel (ground six). (Petition at 7-8)

E. RULE 5 STATEMENT

Quarterman believes that Richards has sufficiently exhausted his state remedies on the issues presented as required by 28 U.S.C. § 2254(b)(1)(a). (Resp't Answer at 4)

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

A writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts are required to give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Sufficiency of the Evidence

Richards claims he acted in self-defense and there was no evidence that he intentionally or knowingly perpetrated a criminal act or that any of the weapons alleged in the indictment were a deadly weapon. (Pet'r Memorandum in Support at 3-21, 29) He further claims the trial court erred by entering an affirmative deadly weapon finding in the judgment when the jury had not determined the issue. According to *Jackson v. Virginia*, 433 U.S. 307, 319 (1979), review of a state court

conviction in a federal habeas action requires this court to ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The elements of a crime are determined by substantive state law. *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985).

A person commits murder if he intentionally or knowingly causes the death of an individual or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. TEX. PENAL CODE ANN. § 19.02(b)(1) & (2) (Vernon 2003). Further, a person acts intentionally with respect to the nature or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a). Applying this law, the Second Court of Appeals determined that the evidence, viewed in a light most favorable to the verdict, was legally sufficient such that a rational trier of fact could have found beyond a reasonable doubt that Richards intentionally or knowingly caused Baker's death, or that Richards intended to cause Baker serious bodily injury and committed an act clearly dangerous to human life that caused Baker's death. *Richards v. Texas*, No. 2-03-453-Cr, slip copy at 9. Assuming the jury believed the testimony of the state's witnesses and disbelieved Richards's version of events, the state court's determination of the issue is not contrary to, or an unreasonable application of, the *Jackson* standard.

A deadly weapon is defined as anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17)(B). It is not necessary that the actor actually intend death or serious bodily injury. *Bailey v. Texas*, 38 S.W.3d 157, 159 (Tex. Crim. App. 2001). An object qualifies as a deadly weapon if the actor intends a use of the object that would make it capable of causing death or serious bodily injury. *Id.* at 159. The wounds inflicted and the testimony regarding the weapon's potential for deadliness are

6

also factors relevant to the deadly weapon issue. *Denham v. Texas*, 574 S.W.2d 129, 130-31 (Tex. Crim. App. 1978). Applying this law, the Second Court of Appeals determined that, while a rock, brick, or piece of asphalt normally would not be considered a deadly weapon, the evidence was legally sufficient to support that it became one when Richards used it to strike Baker repeatedly in the head and face. The state court's determination is not contrary to, or an unreasonable application of, the *Jackson* standard.

Further, in a jury trial, the trial court may enter in the judgment that the jury made an affirmative finding that a defendant used or exhibited a deadly weapon during the commission of the offense when, as here, the indictment specifically alleges the words "deadly weapon" describing the weapon used and the verdict reads "guilty as charged in the indictment." Applying this law, the Second Court of Appeals determined the trial court had not erred by not submitting to the jury the special issue regarding the use of a deadly weapon and by including that finding in the judgment. *Richards v. Texas*, No. 2-03-453-CR, slip copy at 13-14. This claim is merely a matter of state procedural law and is not cognizable in federal habeas review. *Hall v. Scott*, 32 F.3d 566, 1994 WL 442491, at *1-2 (5th Cir. Aug. 2, 1994) (not designated for publication in the Federal Reporter).

### 3. Extraneous Offenses

Richards claims that the evidence of his guilt was tenuous at best and that, but for evidence of extraneous offenses–drinking, doing drugs, food stamp fraud, and his prior assaults on Baker, the jury may not have returned a guilty verdict. (Petition at 7A; Pet'r Memorandum in Support at 22) This claim, raised for the first time in Richards's state habeas application, is unexhausted and procedurally barred. Under Texas law, claims that could have been raised on direct appeal but were not cannot be litigated in state habeas proceedings. (State Habeas R. at 280, 285) This rule sets out

an adequate state ground capable of barring federal habeas corpus review. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir.), *cert. denied*, 541 U.S. 1087 (2004).

4. Lesser Included Offense

Richards claims his conviction is unconstitutional because the jury charge did not include a lesser included offense on aggravated assault. (Petition at 7A; Pet'r Memorandum in Support at 23-27) According to Richards, an attack on Baker by unknown multiple assailants several hours after his altercation with Baker was the cause of Baker's death , and, at most, the evidence proves only that he assaulted Baker. (Pet'r Memorandum in Support at 23)

The failure to instruct a jury on a lesser included offense in a noncapital state trial, however, is not a federal constitutional matter. *See Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999); *Valles v. Lynaugh,* 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985); *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980) (and cases cited therein); *see also Hopkins v. Reeves*, 524 U.S. 88, 96-97 (1998). *Compare Beck v. Alabama*, 447 U.S. 625, 637 (1980) (holding state statute precluding consideration of lesser included offense in capital cases, where evidence supports such a verdict, violates due process). In order to be entitled to a charge on a lesser included offense, a criminal defendant must show (1) that the lesser offense is included within the proof of the offense charged and (2) that there is some evidence that he, if guilty, is guilty only of the lesser included offense. *Rousseau v. Texas*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). A lesser included offense instruction is not required, however, if a defendant's evidence at trial suggests that he committed no offense at all. (State Habeas R. at 287) *Lofton v. Texas*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). Testimony that the only reason for the action was to escape or stop an attack, if true, is evidence that a party is guilty of no offense at

8

all. *Thomas v. Texas*, 578 S.W.2d 691, 698 (Tex. Crim. App. 1979).

The state habeas court concluded that as the testimony was that either Richards was guilty of murder or not guilty of an offense at all because he acted in self-defense, a charge on the lesser included offense of aggravated assault was not necessary. (State Habeas R. at 285) *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). Absent a violation of the Constitution, we defer to the state court interpretation of its law for whether a lesser-included-offense instruction is warranted. *Creel*, 162 F .3d at 390-91.

### 5. *Brady* Material

Richards claims the prosecution failed to disclose favorable evidence to the jury and knowingly used or failed to correct perjured testimony, in violation of his constitutional rights. (Petition at 7B; Pet'r Memorandum in Support at 28) According to Richards, the state manufactured the entire case against him, and, as shown by a police report taken on the same day, Baker was actually killed by multiple unidentified assailants, "complete with motive and identical injuries," after his altercation with Baker. (Pet'r Traverse at 7-8; State Habeas R. at 89)

Federal due process requires the prosecution to disclose material, exculpatory information to an accused and correct testimony known to be false. *Albright v. Oliver*, 510 U.S. 266, 299 (1994); *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Pyle v. Kansas*, 317 U.S. 213, 215-16 (1942). The state habeas court concluded that failure of the state to disclose evidence to the jury is not a violation of *Brady* and that there was no evidence that the state failed to disclose favorable evidence to Richards or his attorney or used perjured testimony. (State Habeas R. at 280, 285) Richards has not shown the state court's decision is contrary to federal law on the issue or unreasonable in light of the facts before the state court.

9

Under *Brady*, the state is required to disclose favorable evidence to the defense but not to the jury. *Brady* does not require the state to impeach its own witnesses or to refrain from using a witness if there is a reasonable doubt about the truth of some matter to which the witness may testify. *See United States v. Agurs*, 427 U.S. 97, 111 & n.19 (1976). Moreover, Richards appears to mischaracterize the police report in question. (State Habeas R. at 89) Instead of a report regarding another unrelated assault upon Baker by four unidentified black males on the same date and near the same time, the report appears to be the report taken by the responding officer in the early morning hours of February 14, shortly after Richard's attack on Baker, at Joy Thomas's home. (4Reporter's R. at 20-48) Nothing in the record suggests the prosecution deliberately suppressed evidence favorable to Richards's defense or solicited false testimony or allowed it to go uncorrected when it appeared.

### 6. Ineffective Assistance of Counsel

Richards claims he received ineffective assistance of trial counsel because counsel's performance failed to make the proceeding an adversarial testing process, thereby depriving him of a fair trial. (Petition at 7B; Pet'r Memorandum in Support at 30) A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 688. The second prong requires a showing that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190, 198 (5th Cir. 2001).

Richards argues that no specific act or omission of counsel was sufficient to satisfy the *Strickland* standard but that, overall, counsel's performance rendered his trial fundamentally unfair. In his state habeas application, Richards raised the same claim and included a laundry list of alleged acts or omissions by counsel that, cumulatively, resulted in deficient performance. (State Habeas R. at 49- 78). After conducting a hearing by affidavit, the state habeas judge, who was also the state trial judge, entered express findings refuting Richards's ineffective-assistance claims and, based largely on counsel's detailed affidavit, concluded that Richards had failed to prove ineffective assistance under the requirements of *Strickland* and that he had received effective assistance. (State Habeas R. at 150-53, 287-90) Weighing the credibility of the affiants was the role of the state habeas court, and, clearly, the state court found the affidavit of counsel to be credible. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (providing that a trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are

11

virtually unreviewable by the federal courts).

Richards presents no compelling argument or evidence to rebut the state courts' adjudication of his claims, and there is nothing in the record to suggest that, but for trial counsel's alleged acts and omissions, the jury would have acquitted him. Thus, having independently reviewed Richards's ineffective-assistance claims in conjunction with the state court records, this court cannot say that the state courts' determination was contrary to or involved an unreasonable application of the *Strickland* standard or that it was based on an unreasonable determination of the facts as presented in the state court proceedings. 28 U.S.C. § 2254(d)(2), (e)(1).

## 7. Evidentiary Hearing

Richards requests an evidentiary hearing for purposes of further developing the record. 28 U.S.C. § 2254(e)(2). Richards contends he is entitled to a hearing because he has established a colorable claim for relief and has not been afforded a hearing in state or federal court and so that this court can make relevant credibility determinations. (Pet'r Traverse at 39-40) This argument is frivolous. As to the majority of Richards's claims, the relevant facts are contained primarily in the state court record. The weight and credibility to be accorded witness testimony at trial was the sole province of the jury. *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1891). As to his ineffective assistance claims, a factual basis was adequately developed by trial counsel's affidavit testimony in the state habeas action. (State Habeas R. at 151-53) *See Carter v. Johnson*, 131 F.3d 452, 460 n.13 (5th Cir. 1997). In-person repetition of counsel's account of her representation of Richards could not alter that. It is clear the state habeas court found counsel's affidavit in response to Richards's allegations credible. As previously noted, such a credibility determination is entitled to deference by this Court. *See* 28 U.S.C. § 2254(e)(1); *Coleman v. Quarterman*, 456 F.3d 537, 2006

WL 1991686, at *2 (5th Cir. 2006); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). Richards received a full and fair adjudication of his claims at the state level and the state court's factual determinations are fairly supported by the record as a whole. Further development of the record is not necessary in order to assess the claims. *See Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998). Thus, an evidentiary hearing is not warranted.

## II. RECOMMENDATION

Richards's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 15, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 15, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 24, 2008.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE